**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| K.MIZRA LLC,<br><br>                Plaintiff,<br><br>v.<br><br>MEDIATEK INC.,<br><br>                Defendants. | CIVIL ACTION NO. 2:26-cv-253<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFF'S COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff K.Mizra LLC files this Complaint against Defendants MediaTek Inc. ("MediaTek" or "Defendant") for infringement of U.S. Patent No. 8,374,154 ("the '154 patent") and U.S. Patent No. 8,873,531 ("the '531 patent") (collectively, the "Asserted Patents").

**THE PARTIES**

1.      K.Mizra LLC ("K.Mizra") is a Delaware Limited Liability Company with a place of business at 777 Brickell Avenue, #500-96031, Miami, Florida 33131.

2.      MediaTek is a foreign company organized and existing under the laws of Taiwan, with a principal place of business located at No. 1, Dusing 1st Road, Hsinchu Science Park, Hsinchu City 30078, Taiwan. MediaTek conducts business in Texas and in the Eastern District of Texas, directly or through intermediaries (including subsidiaries, distributors, affiliates, retailers, suppliers, integrators, customers, and others). MediaTek may be served with process by serving the Texas Secretary of State, 1019 Brazos Street, Austin, Texas 78701, as its agent for service because it engages in business in Texas but has not designated or maintained a resident agent for service of process in Texas as required by statute. This action arises out of that business.

3.      MediaTek and its affiliates are part of an interrelated group of companies which together comprise "the world's fifth largest global fabless semiconductor company."[1] MediaTek's products "power more than 2 billion devices a year—supporting productivity in 20 percent of homes and nearly 1 of every 3 mobile phones globally."[2] MediaTek and its affiliates are part of the same corporate structure and distribution chain for the making, importing, offering to sell, selling, and using of the accused devices in the United States, including in the State of Texas generally and this judicial district in particular. MediaTek explains that it is a multinational company, "headquartered in Taiwan, with sales and R&D teams in Singapore, China, India, the United States, Japan, Korea, the United Kingdom, Finland, Sweden, Germany, the Netherlands, Dubai, and Poland."[3] MediaTek and its affiliates share the same management, common ownership, advertising platforms, facilities, distribution chains and platforms, and accused product lines and products involving related technologies. MediaTek and its affiliates regularly contract with customers regarding products made for or on behalf of those customers. In addition, MediaTek undertakes, and handles, patent licensing negotiations and discussions on behalf of its subsidiaries and affiliates. Thus, MediaTek and its affiliates operate as a unitary business venture and are jointly and severally liable for the acts of patent infringement alleged herein.

**JURISDICTION AND VENUE**

4.      This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 1, *et seq.*, including, without limitation, 35 U.S.C. §§ 271, 281, 284, and 285.

5.       This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

---

[1] See https://www.mediatek.com/company/discover
[2] *Id.*
[3] *See* https://cdn-www.mediatek.com/posts/2023-English-Annual-Report_Final.pdf

6.      This Court has personal jurisdiction over MediaTek pursuant to due process and/or the Texas Long Arm Statute because, *inter alia*, (i) MediaTek has done and continues to do business in Texas; and (ii) MediaTek has committed and continues to commit acts of patent infringement in the State of Texas, including making, using, offering to sell, and/or selling products that support Wi-Fi 5, Wi-Fi 6 and/or Wi-Fi 7 (the "Accused Products") in Texas, and/or importing Accused Products into Texas, including by Internet sales and/or sales via retail and wholesale stores, inducing others to commit acts of patent infringement in Texas, and/or committing at least a portion of any other infringements alleged herein in Texas. In addition, or in the alternative, this Court has personal jurisdiction over MediaTek pursuant to Fed. R. Civ. P. 4(k)(2) because: (1) it has substantial contacts with the United States and committed and/or induced acts of patent infringement in the United States; and (2) it is not subject to jurisdiction in any state's courts of general jurisdiction.

7.      Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391(b) and (c) because Defendant comprises a foreign company that may be sued in any Judicial District, including the Eastern District of Texas.

## THE ASSERTED PATENTS

8.      K.Mizra is the sole and exclusive owner of all right, title, and interest in the Asserted Patents and holds the exclusive right to take all actions necessary to enforce its rights in, and to, the Asserted Patents, including the filing of this patent infringement lawsuit. Indeed, K.Mizra owns all substantial rights in the Asserted Patents, including the right to exclude others and to recover damages for all past, present, and future infringements.

9.      The '154 patent is entitled, "Device, System and Method of Simultaneously Communicating with a Group of Wireless Communication Devices." The '154 patent lawfully

3

issued on February 12, 2013 and stems from U.S. Patent Application No. 12/645,648, which was filed on December 23, 2009.

10. The '531 patent is entitled, "Device, System and Method of Indicating Station-Specific Information within a Wireless Communication." The '531 patent lawfully issued on October 28, 2014 and stems from U.S. Patent Application No. 12/772,259, which was filed on May 3, 2010.

11. The claims of the Asserted Patents are directed to patent-eligible subject matter under 35 U.S.C. § 101. They are not directed to an abstract idea, and the technologies covered by the claims comprise systems and/or ordered combinations of features and functions that, at the time of invention, were not, alone or in combination, well-understood, routine, or conventional.

12. K.Mizra is not presently aware of any products for which marking with the Asserted Patents was required and has complied with the requirements of 35 U.S.C. § 287 at least by filing this complaint and providing pre-suit notice as outlined below.

## COUNT I
### (INFRINGEMENT OF U.S. PATENT NO. 8,374,154)

13. K.Mizra incorporates the preceding paragraphs herein by reference.

14. This cause of action arises under the patent laws of the United States, and, in particular, 35 U.S.C. §§ 271, *et seq*.

15. K.Mizra is the owner of all substantial rights, title, and interest in and to the '154 patent, including the right to exclude others and to enforce, sue, and recover damages for past, present, and future infringements.

16. The '154 patent is valid, enforceable, and was duly and legally issued by the United States Patent and Trademark Office on February12, 2013, after full and fair examination.

17.    MediaTek has infringed (and continues to infringe) one or more claims of the '154 patent in this District and elsewhere in Texas and the United States by making, using, selling, offering to sell, and/or importing, and by actively inducing others to make, use, sell, offer to sell, and/or import, Accused Products, which include (but are not limited to) MediaTek MT7988A (V) (Filogic 880), MT7927 (BEW) (Filogic 380), MT7988D (V) (Filogic 860), MT7925 (AN) (Filogic 360), MT7990 (Filogic 880), MT7991 (AV/BV) (Filogic 660), MT7992 (AV/E) (Filogic 660), MT7979(N) (Filogic 660), MT7995 (AV/E) (Filogic 680), MT7996 (AV/E) (Filogic 680), MT7977A(N) (Filogic 680), MT7977B(N) (Filogic 680), MT7977I(A) (Filogic 680), MT8893, MT9655 Pentonic 800, MT9618 Pentonic 700, MT9653 Pentonic 700, MT9689 Pentonic 700, MT6991 dimensity 9400, MT6989Z Dimensity 9300+, MT8796Z Dimensity 9300+, MT6989 Dimensity 9300, MT8796 Dimensity 9300, MT6985W Dimensity 9200+, MT6985 Dimensity 9200, MT7976D (A/AN/N) (Filogic 830), MT7976DV (Filogic 830), MT7986A (V) (Filogic 830), MT7986B (LA/V) (Filogic 830), MT7916A (N) (Filogic 630), MT7916D (N) (Filogic 630), MT7921K (N) (Filogic 330P), MT7921L (EN) (Filogic 330P), MT7922A (N) (Filogic 330), MT7922U (N) (Filogic 330), MT7902AU (N) (Filogic 310), MT7902B (EN) (Filogic 310), MT7976G (N), MT7976A (N), MT7976C (N) (Filogic 820), MT8195T Kompanio 1380, Kompanio 838, Pentonic 2000, MT9982 Pentonic 2000, MT6879 (Dimensity 1050), MT8798Z Dimensity 9000+, MT6983Z Dimensity 9000+, MT8798 Dimensity 9000, MT6983 Dimensity 9000, MT6899 Dimensity 8400, MT6897 Dimensity 8350, MT6897 Dimensity 8300, MT6896Z Dimensity 8250, MT6896 Dimensity 8200, MT6895 Dimensity 8100, MT8795 Dimensity 8100, MT6893Z Dimensity 8050, MT6891Z Dimensity 8020, MT6895 Dimensity 8000, MT6886V/T Dimensity 7350, MT6878V Dimensity 7300X, MT6878 Dimensity 7300, MT6886 Dimensity 7200, MT6879 Dimensity 7030, MT7915A (N) (Filogic 615), MT7915D (AN) (Filogic 615),

MT7915N (N) (Filogic 615), MT7920 (Filogic 320), MT7921A (AN/P/T) (Filogic 320), MT7921AU (N) (Filogic 320), MT7921S (N) (Filogic 320), MT7905D (AN), MT7905N (N), MT7911A (N), MT7975A (N), MT7975P (N), MT7975D (AN), MT7975N (N), MT7975G (N), MT7931 (Filogic 130), MT7933 (Filogic 130A), MT8797 Kompanio 1300T, MT8791 Kompanio 900T, MT8186T Kompanio 528, MT8186 Kompanio 520(A), MT8395 Genio 1200, MT8395AV Genio 1200, MT8395AV/ZA Genio 1200, MT8390 Genio 700, MT8370 Genio 510, MT8791, MT6637, Pentonic 1000, MT6877 (Dimensity 900), MT6877T (Dimensity 920), MT6883Z/CZA (Dimensity 1000C), MT6885Z/CZA (Dimensity 1000L), MT6889 (Dimensity 1000), MT6889Z/CZA (Dimensity 1000+), MT6877V (Dimensity 1080), MT6891 (Dimensity 1100), MT6893 (Dimensity 1200), MT6893Z (Dimensity 1300), MT6877V Dimensity 7050, MT7610E, MT7610U, MT7612E, MT7612U, MT7662E, MT7662U, MT7615, MT7615B, MT7615D (N), MT7615E(N), MT7615N(N), MT7611N(N), MT7613AE(N), MT7613BE(N), MT7618BU(N), MT7762N, MT7650E(N), MT7650U(N), MT7653BS(N) (S/SN), MT7658CU(N) (AUN/BUN), MT7658CS(N) (ASN/BSN), MT7663BE(N) (E/EN), MT7663BS(N) (S/SN), MT7663BU(N) (U/UN), MT7668AE(N) (BEN/REN), MT7668AU(N) (BUN/RUN), MT7668AS(N) (BSN/RSN), MT7621A/N, MT8195 Kompanio 1200, Kompanio 828, MT8192 Kompanio 820, MT8771 Kompanio 800T, MT8183 Kompanio 500, Genio 500, MT8365 Genio 350, MT8863, MT6631, MT8786, MT8781, MT8516 SoM, MT8693, MT6789H (Helio G100), MT6789 (Helio G99), MT6781 (Helio G96), MT6785 (Helio G95), MT6769I (Helio G92), MT6769G (Helio G91), MT6785V/CD (Helio G90), MT6785V/CC (Helio G90T), MT6769H (Helio G88), MT6769Z (Helio G85), MT6769J (Helio G81), MT6769T (Helio G80), MT6769V (Helio G70), MT6765V (Helios G50), MT6765H (Helio G37), MT6765V/X (Helio G36), MT6765G (Helio G35), MT6762G (Helio G25), MT6762V (Helio A25), MT6761V (Helio A22), MT6761V/WE (Helio

A20), MT6779V/CV (Helio P95), MT6779V/CU (Helio P90), MT6771V (Helio P70), MT6768 (Helio P65), MT6771 (Helio P60), MT6765 (Helio P35), MT6758 (Helio P30), MT6757CD (Helio P25), MT6763 (Helio P23), MT6762 (Helio P22), MT6757 (Helio P20), MT6799 (Helio X30), MT6797X (Helio X27), MT6797T (Helio X25), MT6797D (Helio X23), MT6797 (Helio X20), MT6795 (Helio X10), MT6833 (Dimensity 700), MT6853V (Dimensity 720), MT6853T (Dimensity 800U), MT6873 (Dimensity 800), MT6833P/V (Dimensity 810), MT6875 (Dimensity 820), MT6855 (Dimensity 930), MT6855V Dimensity 7025, MT6878 Dimensity 7020, MT6835T Dimensity 6300, MT6835 Dimensity 6100+, MT6833P Dimensity 6080, MT6833V Dimensity 6020, MT8675, MT8666, Dimensity 6400, Dimensity 9500, Dimensity 9400+, Dimensity 9400e, Dimensity 7400, MediaTek Filogic 850, Filogic 650, Helio G200, Dimensity 8450, Dimensity 7360, Dimensity 7400, Dimensity 7400X, MediaTek T930, MT6631X Genio 720, MT6637X Genio 720, MT6631X Genio 520, MT6637X Genio 520, and Kompanio Ultra 910. Upon information and belief, each Accused Product supports Wi-Fi communications according to the 802.11ac (and later) specifications, including devices marketed as supporting Wi-Fi 5, Wi-Fi 6, and/or Wi-Fi 7.

***Direct Infringement (35 U.S.C. § 271(a))***

18.   MediaTek directly infringes one or more claims of the '154 patent in this District and elsewhere in Texas and the United States.

19.   To this end, MediaTek directly infringes, either by itself or via its agent(s), at least claim 18 of the '154 patent under 35 U.S.C. § 271(a) by using (including through testing or demonstration), selling, offering to sell, and/or importing Accused Products. Furthermore, MediaTek made and sold the Accused Products outside of the United States and either delivered those products to its customers, distributors, and/or subsidiaries in the United States, or, in the case

that it delivered the Accused Products outside of the United States, it did so intending and/or knowing that those products were destined for the United States and/or designed and designated for sale in the United States, thereby directly infringing the '154 patent. *See, e.g., Lake Cherokee Hard Drive Techs., L.L.C. v. Marvell Semiconductor, Inc.*, 964 F. Supp. 2d 653, 658 (E.D. Tex. 2013).

20.     By way of illustration only, the Accused Products meet each and every element of claim 18 of the '154 patent. The Accused Products include or are associated with memory that stores instructions for implementing wireless communications according to 802.11ac (Wi-Fi 5) standards (i.e., the Accused Products include "[a] computer program product comprising a non-transitory storage medium having stored thereon instructions").

21.     The Accused Products include instructions that, when executed, result in "reserving, by a wireless communication unit, a wireless communication medium for a time period." For example, as evidenced by the 802.11ac standards, the Accused Products include instructions that cause a wireless access point to transmit a VHT NDP Announcement frame, which is a control frame that, among other things, reserves a WLAN channel for a period indicated by a "Duration" field.

**8.3.1.20 VHT NDP Announcement frame format**

The frame format of the VHT NDP Announcement frame is shown in Figure 8-29j.



| Frame Control | Duration | RA | TA | Sounding Dialog Token | STA Info 1 | ... | STA Info *n* | FCS |
|---|---|---|---|---|---|---|---|---|
| Octets: 2 | 2 | 6 | 6 | 1 | 2 | | 2 | 4 |

**Figure 8-29j—VHT NDP Announcement frame format**

IEEE 802.11ac-2013, p. 44.

22.     The Accused Products include instructions that, when executed, result in a wireless communication unit "during the reserved time period, transmitting at least one beamforming-training initiation frame from the wireless communication unit to a group of plurality of wireless communication devices using one or more addresses assigned to the plurality of wireless communication devices in the group." For example, as evidenced by the 802.11ac standards, the Accused Products include instructions that cause a wireless access point unit to transmit a VHT NDP frame ("beamforming-training initiation frame") to a group of STAs represented by the GroupID subfield of the VHT-SIG-A field included in the VHT NDP frame.

## 22.3.12 VHT preamble format for sounding PPDUs

NDP is the only VHT sounding format.

The format of a VHT NDP PPDU is shown in Figure 22-28.



**Figure 22-28—VHT NDP format**

NOTE—The number of VHT-LTF symbols in the NDP is determined by the SU NSTS field in VHT-SIG-A.

The VHT NDP PPDU has the following properties:
— uses the VHT PPDU format but without the Data field
— is a VHT SU PPDU as indicated by the VHT-SIG-A field
— has the data bits of the VHT-SIG-B field set to a fixed bit pattern (see 22.3.8.3.6)

IEEE 802.11ac-2013, p. 295.

9



| | B0 B1 | B2 | B3 | B4 B9 | B10 B12 | B13 B15 | B16 B18 | B19 B21 | B22 | B23 |
|---|---|---|---|---|---|---|---|---|---|---|
| Composite Name: | BW | Reserved | STBC | Group ID | | NSTS/Partial AID | | | TXOP_PS_NOT_ALLOWED | Reserved |
| SU Name: | | | | | SU NSTS | | Partial AID | | | |
| MU Name: | | | | | MU[0] NSTS | MU[1] NSTS | MU[2] NSTS | MU[3] NSTS | | |
| Bits: | 2 | 1 | 1 | 6 | 3 | 3 | 3 | 3 | 1 | 1 |

**Figure 22-18—VHT-SIG-A1 structure**

IEEE 802.11ac-2013, p. 259.

23.      The Accused Products include instructions that, when executed, result in "receiving, at the wireless communication unit, two or more feedback frames from two or more wireless communication devices of the plurality of wireless communication devices." For example, as evidenced by the 802.11ac standards, the Accused Products include instructions that cause a wireless communication unit to, after initiating a feedback sequence by transmitting the VHT NDP announcement frame, receive VHT compressed beamforming feedback from addressed STAs.

### 9.31.5.2 Rules for VHT sounding protocol sequences

A VHT beamformer shall initiate a sounding feedback sequence by transmitting a VHT NDP Announcement frame followed by a VHT NDP after a SIFS. The VHT beamformer shall include in the VHT NDP Announcement frame one STA Info field for each VHT beamformee that is expected to prepare VHT Compressed Beamforming feedback and shall identify the VHT beamformee by including the VHT beamformee's AID in the AID subfield of the STA Info field. The VHT NDP Announcement frame shall include at least one STA Info field.

IEEE 802.11ac-2013, p. 168.

### 22.3.11.2 Beamforming Feedback Matrix V

Upon receipt of a VHT NDP sounding PPDU, the beamformee shall remove the space-time stream CSD in Table 22-11 from the measured channel before computing a set of matrices for feedback to the beamformer. The beamforming feedback matrix, $V_{k,u}$, found by the beamformee $u$ for subcarrier $k$ shall be compressed in the form of angles using the method described in 20.3.12.3.6. The angles, $\phi(k,v)$ and $\psi(k,u)$, are quantized according to Table 8-53e. The number of bits for quantization is chosen by the beamformee, based on the indication from the beamformer as to whether the feedback is requested for SU-MIMO beamforming or DL-MU-MIMO beamforming. The compressed beamforming feedback using 20.3.12.3.6 is the only Clause 22 beamforming feedback format defined.

IEEE 802.11ac-2013, p. 294.

10

24.    The Accused Products include instructions that, when executed, result in "determining two or more beamforming schemes based on the two or more feedback frames, and simultaneously transmitting two or more different wireless communication transmissions from the wireless communication unit to the two or more wireless communication devices, respectively, using the two or more beamforming scheme." For example, as evidenced by the 802.11ac standards, the Accused Products include instructions that cause a wireless communication unit to use beamforming feedback received from beamformee STAs to compute steering matrices ("beamforming schemes") that are applied to respective DL signals transmitted to the STAs.

SU-MIMO and DL-MU-MIMO beamforming are techniques used by a STA with multiple antennas (the beamformer) to steer signals using knowledge of the channel to improve throughput. With SU-MIMO beamforming all space-time streams in the transmitted signal are intended for reception at a single STA. With DL-MU-MIMO beamforming, disjoint subsets of the space-time streams are intended for reception at different STAs.

...

For DL-MU-MIMO beamforming, the receive signal vector in subcarrier $k$ at beamformee $u$, $y_{k,u} = [y_{k,0}, y_{k,1}, ..., y_{k,N_{RX_u}-1}]^T$, is shown in Equation (22-101), where $x_k = [x_{k,0}^T, x_{k,1}^T, ..., x_{k,N_{user}-1}^T]^T$ denotes the transmit signal vector in subcarrier $k$ for all $N_{user}$ beamformees, with $x_{k,u} = [x_{k,0}, x_{k,1}, ..., x_{k,N_{---}-1}]^T$ being the transmit signal for beamformee $u$.

$$y_{k,u} = H_{k,u} \times [Q_{k,0}, Q_{k,1}, ..., Q_{k,N_{user}-1}] \times x_k + n \qquad (22\text{-}101)$$

where

$H_{k,u}$      is the channel matrix from the beamformer to beamformee $u$ in subcarrier $k$ with dimensions $N_{RX_u} \times N_{TX}$

$N_{RX_u}$      is the number of receive antennas at beamformee $u$

$Q_{k,u}$      is a steering matrix for beamformee $u$ in subcarrier $k$ with dimensions $N_{TX} \times N_{STS_u}$

$N_{user}$      is the number of VHT MU PPDU recipients (see Table 22-6)

$n$      is a vector of additive noise and may include interference

The DL-MU-MIMO steering matrix $Q_k = [Q_{k,0}, Q_{k,1}, ..., Q_{k,N_{user}-1}]$ can be determined by the beamformer using the beamforming feedback matrices for subcarrier $k$ from beamformee $u$, $V_{k,u}$, and SNR information for subcarrier $k$ from beamformee $u$, $SNR_{k,u}$, where $u = 0, 1, ..., N_{user}-1$. The steering matrix that is computed (or updated) using new beamforming feedback matrices and new SNR information from some or all of participating beamformees might replace the existing steering matrix $Q_k$ for the next DL-MU-MIMO data transmission. The beamformee group for the MU transmission is signaled using the Group ID field in VHT-SIG-A (see 22.3.8.3.3 and 22.3.11.4).

IEEE 802.11ac-2013, pp. 293-94.

*Indirect Infringement (Inducement – 35 U.S.C. § 271(b))*

25.    In addition and/or in the alternative to its direct infringements, MediaTek has indirectly infringed one or more claims of the '154 patent by knowingly and intentionally inducing others, including its subsidiaries, distributors, affiliates, retailers, suppliers, integrators, importers, customers, and/or consumers, to directly infringe by making, using, offering to sell, selling and/or importing into the United States the Accused Products.

26.    At a minimum, MediaTek had knowledge of the '154 patent and its infringements since the filing of this complaint. MediaTek has also had knowledge of the '154 patent and its infringements based on pre-suit communications with K.Mizra, including discussions initiated by letter to MediaTek on February 20, 2025 that identified the '154 patent to MediaTek, as well as infringing products, and subsequent e-mails to MediaTek related to communications surrounding the patents, execution of a non-disclosure agreement, and further discussions to be had by the parties. Since receiving notice of its infringements, MediaTek actively induced the direct infringements of its subsidiaries, distributors, affiliates, retailers, suppliers, integrators, importers, customers, and/or consumers as set forth under U.S.C. § 271(b). Such inducements have been committed with the knowledge, or with willful blindness to the fact, that the acts induced constitute infringement of the '154 patent. On information and belief, MediaTek intended to cause and took affirmative steps to induce infringement by, among other things, creating and disseminating advertisements and instructive materials that promote the infringing use of the Accused Products (e.g., advertisements and instructive materials that promote the support and use of Wi-Fi 5, Wi-Fi 6, and/or Wi-Fi 7 by Accused Products); creating and/or maintaining established distribution channels for the Accused Products into and within the United States; manufacturing the Accused Products in conformity with U.S. laws and regulations; distributing or making available datasheets

12

supporting use of the Accused Products that promote their features, specifications, and applications; providing technical documentation and tools for the Accused Products, such as white papers, brochures, and/or manuals that describe how to implement support of Wi-Fi communications by the Accused Products); promoting the incorporation of the Accused Products into end-user products; testing and certifying related to conformance with Wi-Fi standards for Accused Products; and/or by providing technical support and/or related services for the Accused Products to purchasers in the United States.

***Damages***

27.     K.Mizra has been damaged as a result of MediaTek's infringing conduct described in this Count. MediaTek is, thus, liable to K.Mizra in an amount that adequately compensates it for MediaTek's infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

28.     On information and belief, despite having knowledge of the '154 patent and knowledge that it directly and/or indirectly infringes one or more claims of the '154 patent, MediaTek has nevertheless continued its infringing conduct and has disregarded an objectively high likelihood of infringement. MediaTek's infringing activities relative to the '154 patent have, thus, been, and continue to be, willful, wanton, and deliberate in disregard of K.Mizra's rights with respect to the '154 patent, justifying enhanced damages under 35 U.S.C. § 284.

## COUNT II
### (INFRINGEMENT OF U.S. PATENT NO. 8,873,531)

29.     K.Mizra incorporates the preceding paragraphs herein by reference.

30.     This cause of action arises under the patent laws of the United States, and, in particular, 35 U.S.C. §§ 271, *et seq*.

13

31.     K.Mizra is the owner of all substantial rights, title, and interest in and to the '531 patent, including the right to exclude others and to enforce, sue, and recover damages for past, present, and future infringements.

32.     The '531 patent is valid, enforceable, and was duly and legally issued by the United States Patent and Trademark Office on October 28, 2014, after full and fair examination.

33.     MediaTek has infringed (and continues to infringe) one or more claims of the '531 patent in this District and elsewhere in Texas and the United States by making, using, selling, offering to sell, and/or importing, and by actively inducing others to make, use, sell, offer to sell, and/or import, Accused Products, which include (but are not limited to) MediaTek MT7988A (V) (Filogic 880), MT7927 (BEW) (Filogic 380), MT7988D (V) (Filogic 860), MT7925 (AN) (Filogic 360), MT7990 (Filogic 880), MT7991 (AV/BV) (Filogic 660), MT7992 (AV/E) (Filogic 660), MT7979(N) (Filogic 660), MT7995 (AV/E) (Filogic 680), MT7996 (AV/E) (Filogic 680), MT7977A(N) (Filogic 680), MT7977B(N) (Filogic 680), MT7977I(A) (Filogic 680), MT8893, MT9655 Pentonic 800, MT9618 Pentonic 700, MT9653 Pentonic 700, MT9689 Pentonic 700, MT6991 dimensity 9400, MT6989Z Dimensity 9300+, MT8796Z Dimensity 9300+, MT6989 Dimensity 9300, MT8796 Dimensity 9300, MT6985W Dimensity 9200+, MT6985 Dimensity 9200, MT7976D (A/AN/N) (Filogic 830), MT7976DV (Filogic 830), MT7986A (V) (Filogic 830), MT7986B (LA/V) (Filogic 830), MT7916A (N) (Filogic 630), MT7916D (N) (Filogic 630), MT7921K (N) (Filogic 330P), MT7921L (EN) (Filogic 330P), MT7922A (N) (Filogic 330), MT7922U (N) (Filogic 330), MT7902AU (N) (Filogic 310), MT7902B (EN) (Filogic 310), MT7976G (N), MT7976A (N), MT7976C (N) (Filogic 820), MT8195T Kompanio 1380, Kompanio 838, Pentonic 2000, MT9982 Pentonic 2000, MT6879 (Dimensity 1050), MT8798Z Dimensity 9000+, MT6983Z Dimensity 9000+, MT8798 Dimensity 9000, MT6983 Dimensity

9000, MT6899 Dimensity 8400, MT6897 Dimensity 8350, MT6897 Dimensity 8300, MT6896Z Dimensity 8250, MT6896 Dimensity 8200, MT6895 Dimensity 8100, MT8795 Dimensity 8100, MT6893Z Dimensity 8050, MT6891Z Dimensity 8020, MT6895 Dimensity 8000, MT6886V/T Dimensity 7350, MT6878V Dimensity 7300X, MT6878 Dimensity 7300, MT6886 Dimensity 7200, MT6879 Dimensity 7030, MT7915A (N) (Filogic 615), MT7915D (AN) (Filogic 615), MT7915N (N) (Filogic 615), MT7920 (Filogic 320), MT7921A (AN/P/T) (Filogic 320), MT7921AU (N) (Filogic 320), MT7921S (N) (Filogic 320), MT7905D (AN), MT7905N (N), MT7911A (N), MT7975A (N), MT7975P (N), MT7975D (AN), MT7975N (N), MT7975G (N), MT7931 (Filogic 130), MT7933 (Filogic 130A), MT8797 Kompanio 1300T, MT8791 Kompanio 900T, MT8186T Kompanio 528, MT8186 Kompanio 520(A), MT8395 Genio 1200, MT8395AV Genio 1200, MT8395AV/ZA Genio 1200, MT8390 Genio 700, MT8370 Genio 510, MT8791, MT6637, Pentonic 1000, MT6877 (Dimensity 900), MT6877T (Dimensity 920), MT6883Z/CZA (Dimensity 1000C), MT6885Z/CZA (Dimensity 1000L), MT6889 (Dimensity 1000), MT6889Z/CZA (Dimensity 1000+), MT6877V (Dimensity 1080), MT6891 (Dimensity 1100), MT6893 (Dimensity 1200), MT6893Z (Dimensity 1300), MT6877V Dimensity 7050, MT7610E, MT7610U, MT7612E, MT7612U, MT7662E, MT7662U, MT7615, MT7615B, MT7615D (N), MT7615E(N), MT7615N(N), MT7611N(N), MT7613AE(N), MT7613BE(N), MT7618BU(N), MT7762N, MT7650E(N), MT7650U(N), MT7653BS(N) (S/SN), MT7658CU(N) (AUN/BUN), MT7658CS(N) (ASN/BSN), MT7663BE(N) (E/EN), MT7663BS(N) (S/SN), MT7663BU(N) (U/UN), MT7668AE(N) (BEN/REN), MT7668AU(N) (BUN/RUN), MT7668AS(N) (BSN/RSN), MT7621A/N, MT8195 Kompanio 1200, Kompanio 828, MT8192 Kompanio 820, MT8771 Kompanio 800T, MT8183 Kompanio 500, Genio 500, MT8365 Genio 350, MT8863, MT6631, MT8786, MT8781, MT8516 SoM, MT8693, MT6789H (Helio G100), MT6789 (Helio G99),

15

MT6781 (Helio G96), MT6785 (Helio G95), MT6769I (Helio G92), MT6769G (Helio G91), MT6785V/CD (Helio G90), MT6785V/CC (Helio G90T), MT6769H (Helio G88), MT6769Z (Helio G85), MT6769J (Helio G81), MT6769T (Helio G80), MT6769V (Helio G70), MT6765V (Helios G50), MT6765H (Helio G37), MT6765V/X (Helio G36), MT6765G (Helio G35), MT6762G (Helio G25), MT6762V (Helio A25), MT6761V (Helio A22), MT6761V/WE (Helio A20), MT6779V/CV (Helio P95), MT6779V/CU (Helio P90), MT6771V (Helio P70), MT6768 (Helio P65), MT6771 (Helio P60), MT6765 (Helio P35), MT6758 (Helio P30), MT6757CD (Helio P25), MT6763 (Helio P23), MT6762 (Helio P22), MT6757 (Helio P20), MT6799 (Helio X30), MT6797X (Helio X27), MT6797T (Helio X25), MT6797D (Helio X23), MT6797 (Helio X20), MT6795 (Helio X10), MT6833 (Dimensity 700), MT6853V (Dimensity 720), MT6853T (Dimensity 800U), MT6873 (Dimensity 800), MT6833P/V (Dimensity 810), MT6875 (Dimensity 820), MT6855 (Dimensity 930), MT6855V Dimensity 7025, MT6878 Dimensity 7020, MT6835T Dimensity 6300, MT6835 Dimensity 6100+, MT6833P Dimensity 6080, MT6833V Dimensity 6020, MT8675, MT8666, Dimensity 6400, Dimensity 9500, Dimensity 9400+, Dimensity 9400e, Dimensity 7400, MediaTek Filogic 850, Filogic 650, Helio G200, Dimensity 8450, Dimensity 7360, Dimensity 7400, Dimensity 7400X, MediaTek T930, MT6631X Genio 720, MT6637X Genio 720, MT6631X Genio 520, MT6637X Genio 520, and Kompanio Ultra 910. Upon information and belief, each Accused Product supports Wi-Fi communications according to the 802.11ac (and later) specifications, including devices marketed as supporting Wi-Fi 5, Wi-Fi 6, and/or Wi-Fi 7.

*Direct Infringement (35 U.S.C. § 271(a))*

34.    MediaTek directly infringes one or more claims of the '531 patent in this District and elsewhere in Texas and the United States.

35.    To this end, MediaTek directly infringes, either by itself or via its agent(s), at least claim 16of the '531 patent under 35 U.S.C. § 271(a) by using (including through testing or demonstration), selling, offering to sell, and/or importing Accused Products. Furthermore, MediaTek made and sold the Accused Products outside of the United States and either delivered those products to its customers, distributors, and/or subsidiaries in the United States, or, in the case that it delivered the Accused Products outside of the United States, it did so intending and/or knowing that those products were destined for the United States and/or designed and designated for sale in the United States, thereby directly infringing the '531 patent. *See, e.g., Lake Cherokee Hard Drive Techs., L.L.C. v. Marvell Semiconductor, Inc.*, 964 F. Supp. 2d 653, 658 (E.D. Tex. 2013).

36.    By way of illustration only, the Accused Products meet each and every element of claim 16 of the '531 patent. The Accused Products include or are associated with memory that stores instructions for implementing wireless communications according to 802.11ac (Wi-Fi 5) standards (i.e., the Accused Products are "an article including a non-transitory storage medium having stored thereon instructions").

37.    The Accused Products include instructions that, when executed, result in "transmitting beamforming configuration information to a plurality of stations, prior to transmitting a beamformed portion of a wireless communication frame to the plurality of stations using a plurality of respective beamforming configurations." For example, as evidenced by the 802.11ac standards, the Accused Products include instructions that cause a wireless access point to transmit a VHT PPDU, which includes a VHT-SIG-A field that carries information related to beamforming configuration, to a plurality of STAs.

## 22.3.2 VHT PPDU format

A single PPDU format is defined for this PHY: the VHT PPDU format. Figure 22-4 shows the VHT PPDU format.



**Figure 22-4—VHT PPDU format**

IEEE 802.11ac-2013, p. 229. As evidenced above, VHT-SIG-A is transmitted before Data in a VHT PPDU. A Q matrix is applied to the Data portion of a VHT PPDU (i.e., "a beam formed portion of a wireless communication frame") to provide spatial mapping (beamforming) to the Data portion of the VHT PPDU on a per-user bases (i.e., "using a plurality of respective beamforming configurations").

### 22.3.4.10 Construction of the Data field in a VHT MU PPDU

### 22.3.4.10.1 General

For an MU transmission, the PPDU encoding process is performed on a per-user basis up to the input of the Spatial Mapping block except CSD (as described in 22.3.8.3.2). All user data is combined and mapped to the transmit chains in the Spatial Mapping block.

### 22.3.4.10.2 Using BCC

A Data field with BCC encoding is constructed using the process described in 22.3.4.9.1 before the spatial mapping block and repeated for each user that uses BCC encoding.

### 22.3.4.10.3 Using LDPC

A Data field with LDPC encoding is constructed using the process described in 22.3.4.9.2 before the spatial mapping block and repeated for each user that uses LDPC encoding.

### 22.3.4.10.4 Combining to form a VHT MU PPDU

The per-user data is combined as follows:

   a)   Spatial Mapping: The $Q$ matrix is applied as described in 22.3.10.11.1. The combining of all user data is done in this block.

   b)   Phase rotation: Apply the appropriate phase rotations for each 20 MHz subchannel as described in 22.3.7.4 and 22.3.7.5.

   c)   IDFT: Compute the inverse discrete Fourier transform.

   d)   Insert GI and apply windowing: Prepend a GI (SHORT_GI or LONG_GI) and apply windowing as described in 22.3.7.4.

   e)   Analog and RF: Up-convert the resulting complex baseband waveform associated with each transmit chain to an RF signal according to the center frequency of the desired channel and transmit. Refer to 22.3.7.4 and 22.3.8 for details.

IEEE 802.11ac-2013, p. 243.

38.    As evidenced by the 802.11ac standards, the "beamforming configuration information defines the plurality of beamforming configurations." For example, the VHT-SIG-A field defines beamforming configurations for multiple STAs, including configurations provided in the fields MU[0-3] NSTS and MU[1-3] Coding.

19



**Figure 22-18—VHT-SIG-A1 structure**



**Figure 22-19—VHT-SIG-A2 structure**

The VHT-SIG-A field contains the fields listed in Table 22-12. The mapping of the fields is also described in Table 22-12. Note that the mapping of the STBC field, the NSTS/Partial AID field, the SU/MU[0] Coding field, the SU VHT-MCS/MU[1-3] Coding field, and the Beamformed field is different for VHT SU and MU PPDUs.

IEEE 802.11ac-2013, p. 259.

39.    As discussed above, the Accused Products include instructions that, when executed, result in "transmitting beamforming configuration information to a plurality of stations." As further evidenced by the 802.11ac standards, the "transmitting the beamforming configuration information comprises transmitting the beamforming configuration information as part of a non-beamformed portion of said wireless communication frame." For example, as illustrated below, spatial mapping (beam forming) is not applied to the VHT-SIG-A field, as evidenced by the fact that the Q matrix is not applied when constructing VHT-SIG-A.

20

## 22.3.4.5 Construction of VHT-SIG-A

The VHT-SIG-A field consists of two symbols, VHT-SIG-A1 and VHT-SIG-A2, as defined in 22.3.8.3.3 and is constructed as follows:

a) Obtain the CH_BANDWIDTH, STBC, GROUP_ID, PARTIAL_AID (SU only), NUM_STS, GI_TYPE, FEC_CODING, MCS (SU only), BEAMFORMED (SU only), NUM_USERS, and TXOP_PS_NOT_ALLOWED from the TXVECTOR. Add the reserved bits, append the calculated CRC, then append the $N_{tail}$ tail bits as shown in 22.3.8.3.3. This results in 48 uncoded bits.

b) BCC encoder: Encode the data by a convolutional encoder at the rate of R=1/2 as described in 18.3.5.6

c) BCC interleaver: Interleave as described in 18.3.5.7.

d) Constellation mapper: BPSK modulate the first 48 interleaved bits as described in 18.3.5.8 to form the first symbol of VHT-SIG-A. BPSK modulate the second 48 interleaved bits and rotate by 90° counter-clockwise relative to the first symbol to form the second symbol of VHT-SIG-A.

e) Pilot insertion: Insert pilots as described in 18.3.5.10.

f) Duplication and phase rotation: Duplicate VHT-SIG-A1 and VHT-SIG-A2 over each 20 MHz of the CH_BANDWIDTH. Apply the appropriate phase rotation for each 20 MHz subchannel as described in 22.3.7.4 and 22.3.7.5.

g) IDFT: Compute the inverse discrete Fourier transform.

h) CSD: Apply CSD for each transmit chain as described in 22.3.8.2.1.

i) Insert GI and apply windowing: Prepend a GI (LONG_GI) and apply windowing as described in 22.3.7.4.

j) Analog and RF: Up-convert the resulting complex baseband waveform associated with each transmit chain to an RF signal according to the center frequency of the desired channel and transmit. Refer to 22.3.7.4 and 22.3.8 for details.

IEEE 802.11ac-2013, pp. 237-38; *Cf* IEEE 802.11ac-2013, p. 243 (showing application of spatial multiplexing to Data field).

***Indirect Infringement (Inducement – 35 U.S.C. § 271(b))***

40.     In addition and/or in the alternative to its direct infringements, MediaTek has indirectly infringed one or more claims of the '531 patent by knowingly and intentionally inducing others, including its subsidiaries, distributors, affiliates, retailers, suppliers, integrators, importers, customers, and/or consumers, to directly infringe by making, using, offering to sell, selling and/or importing into the United States the Accused Products..

41.     At a minimum, MediaTek had knowledge of the '531 patent and its infringements since the filing of this complaint. MediaTek has also had knowledge of the '531 patent and its

21

infringements based on pre-suit communications with K.Mizra, including discussions initiated by letter to MediaTek on February 20, 2025 that identified the '531 patent to MediaTek, as well as infringing products, and subsequent e-mails to MediaTek related to communications surrounding the patents, execution of a non-disclosure agreement, and further discussions to be had by the parties. Since receiving notice of its infringements, MediaTek actively induced the direct infringements of its subsidiaries, distributors, affiliates, retailers, suppliers, integrators, importers, customers, and/or consumers as set forth under U.S.C. § 271(b). Such inducements have been committed with the knowledge, or with willful blindness to the fact, that the acts induced constitute infringement of the '531 patent. On information and belief, MediaTek intended to cause and took affirmative steps to induce infringement by, among other things, creating and disseminating advertisements and instructive materials that promote the infringing use of the Accused Products (e.g., advertisements and instructive materials that promote the support and use of Wi-Fi 5, Wi-Fi 6, and/or Wi-Fi 7 by Accused Products); creating and/or maintaining established distribution channels for the Accused Products into and within the United States; manufacturing the Accused Products in conformity with U.S. laws and regulations; distributing or making available datasheets supporting use of the Accused Products that promote their features, specifications, and applications; providing technical documentation and tools for the Accused Products, such as white papers, brochures, and/or manuals that describe how to implement support of Wi-Fi communications by the Accused Products); promoting the incorporation of the Accused Products into end-user products; testing and certifying related to conformance with Wi-Fi standards for Accused Products; and/or by providing technical support and/or related services for the Accused Products to purchasers in the United States.

*Damages*

42.    K.Mizra has been damaged as a result of MediaTek's infringing conduct described in this Count. MediaTek is, thus, liable to K.Mizra in an amount that adequately compensates it for MediaTek's infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

43.    On information and belief, despite having knowledge of the '531 patent and knowledge that it directly and/or indirectly infringes one or more claims of the '531 patent, MediaTek has nevertheless continued its infringing conduct and has disregarded an objectively high likelihood of infringement. MediaTek's infringing activities relative to the '531 patent have, thus, been, and continue to be, willful, wanton, and deliberate in disregard of K.Mizra's rights with respect to the '531 patent, justifying enhanced damages under 35 U.S.C. § 284.

## CONCLUSION

44.    K.Mizra is entitled to recover from MediaTek the damages sustained by K.Mizra as a result of MediaTek's wrongful acts and willful infringements in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court.

45.    K.Mizra has incurred and will incur attorneys' fees, costs, and expenses in the prosecution of this action. The circumstances of this dispute may give rise to an exceptional case within the meaning of 35 U.S.C. § 285, and, in such case, K.Mizra is entitled to recover its reasonable and necessary attorneys' fees, costs, and expenses.

## JURY DEMAND

K.Mizra hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

K.Mizra respectfully requests that the Court find in its favor and against MediaTek, and that the Court grant K.Mizra the following relief:

(i) Judgment that one or more claims of the Asserted Patents have been infringed, either literally and/or under the doctrine of equivalents, by MediaTek;

(ii) Judgment that one or more claims of the Asserted Patents have been willfully infringed, either literally and/or under the doctrine of equivalents, by MediaTek;

(iii) Judgment that MediaTek account for and pay to K.Mizra all damages and costs incurred by K.Mizra because of MediaTek's infringements and other conduct complained of herein, including an accounting for any sales or damages not presented at trial;

(iv) Judgment that MediaTek account for and pay to K.Mizra a reasonable, ongoing, post-judgment royalty because of MediaTek's infringements, including continuing infringing activities, and other conduct complained of herein;

(v) Judgment that K.Mizra be granted pre-judgment and post-judgment interest on the damages caused by MediaTek's infringements and other conduct complained of herein;

(vi) Judgment that this case is exceptional under the provisions of 35 U.S.C. § 285 and award enhanced damages; and

(vii) Such other and further relief as the Court deems just and equitable.

24

Dated: March 25, 2026

Respectfully submitted,


By: */s/Patrick J. Conroy*

Patrick J. Conroy (Lead Counsel)
Texas Bar No. 24012448
Ryan P. Griffin
Texas Bar No. 24053687
T. William Kennedy
Texas Bar No. 24055771
Jonathan H. Rastegar
Texas Bar No. 24064043
Nelson Bumgardner Conroy PC
2727 N. Harwood Street, Suite 250
Dallas, Texas 75201
Tel: (214) 446-4950
pat@nelbum.com
ryan@nelbum.com
bill@nelbum.com
jon@nelbum.com

**Counsel for K.Mizra LLC**

25